UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DE'ANDRE KENDRICK,

Plaintiff,

-against-

MEGAN J. PETE; MEGAN THEE STALLION ENTERTAINMENT INC.; ROC NATION-ENTERTAINMENT, CORPORATION AND EMPIRE; 1501 CERTIFIED ENTERTAINMENT ,

Defendants.

1:25-CV-9040 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff De'Andre Kendrick, who is appearing *pro se* and is currently incarcerated in the Pendleton Correctional Facility, in Pendleton, Indiana, brings this action seeking damages and injunctive relief.[1] He sues: (1) Megan J. Pete, a recording artist also known as "Megan Thee Stallion"; (2) Megan Thee Stallion Entertainment Inc.; (3) "ROC Nation-Entertainment, Corporation and Empire"; and (4) 1501 Certified Entertainment. Plaintiff seems to allege that Pete has violated his federal constitutional rights, and also appears to assert claims under state law. The Court understands Plaintiff's claims as brought under 42 U.S.C. § 1983 and under state law.

By separate order dated December 11, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action as frivolous.

---

[1] Plaintiff filed the complaint commencing this action while incarcerated in the Westville Correctional Facility, in Westville, Indiana.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following allegations are drawn from the complaint:[3] On October 7, 2025, while Plaintiff was incarcerated (*see* ECF 1, at 3), Defendant Pete, according to an agreement she had with Plaintiff, was supposed to pay Plaintiff $250 or $250,000 and provide him with copies of photographs of Plaintiff, Pete, "and [of] several other unknown females [that] were taken in . . . 2010, 2011, 2014, 2018 and also [in] 2019" (*id.* at 2). Plaintiff and Pete have had children together and Plaintiff "has been the subject of a scientific experimental study, which requires . . . [him] to be placed on several medications[] and[,] due to those medications, . . . [he] keeps his loved ones far away due to . . . [his] reaction[s] while being on the medications being tested and while . . . [he]is detoxifying." (*Id.*) This experimentation "has been taking place well over the

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

course of twenty five years." (*Id.*) Plaintiff, therefore, "does not known his children[']s name[s] by . . . Pete nor does . . . [he] know his birth given name nor date of birth at this present time." (*Id.*) Pete "did not follow[] through with the mutual agreement." (*Id.*) Pete "violate[d] . . . [Plaintiff's] Eighth Amendment constitutional civil rights by subjecting . . . [Plaintiff] to neglect and mental anguish."

Plaintiff seeks $9,999,000 in damages. He also seeks as relief an order from the Court directing Pete to provide to him "photographs and videos of herself and the children not excluding nude and [clothed] photographs and video" of Pete. (*Id.* at 5.)

## DISCUSSION

### A. Plaintiff's claims are frivolous

The IFP statute requires a court to dismiss a complaint, or a portion of the complaint, if it determines that the action is frivolous or malicious. *See* 28 U.S.C. §1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]" (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."))).

Plaintiff's complaint is premised upon his beliefs that: (1) while he has been incarcerated, he entered into an agreement with Defendant Pete in which she was to pay him money and provide photographs of him, her, and others to him; (2) she violated that agreement; and (3) in doing so, she violated his Eighth Amendment rights. It is also premised on his belief that he and Pete have had children together, and that he is the subject of 25 years of medical experimentation that has caused him to direct his loved ones to move far away from him due to the medications' effects, forget the names of his children, and forget his given name and his date of birth. These allegations amount to conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an [IFP] complaint only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief" (internal quotation marks and citation omitted)).

**B. Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint gives no reason to assume that he is in possession of facts that would make

the submission credible. *See Gallop*, 642 F.3d at 369 (holding that the district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to a different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the Court denies Plaintiff's "Request for a NonDisclosure Order and the Removal of Civil action/suit from the View of the General Public" (ECF 10), "Motion for Disclosure Statement Supplemental Filing" (ECF 11), and "Motion without Leave of Status of Service and Request for Service of Process" (ECF 12). The Court therefore directs the Clerk of Court to terminate ECF 11, 12, and 13.

The Court also directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: November 16, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.